IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BOBBY LEE THOMPSON | § | |
| v. | § | CIVIL ACTION NO. 6:20cv605 |
| GREGG COUNTY JAIL, ET AL. | § | |

INITIAL REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Bobby Lee Thompson, a former inmate of the Gregg County Jail proceeding *pro se*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Thompson sues the Gregg County Jail, two jail medical personnel named Dr. White and Nurse Garvin, and a private physician at Good Shepherd Hospital named Dr. McDermott.

**I. The Plaintiff's Complaints**

In his original and amended complaints, Thompson states that in November of 2018, he was taken to Good Shepherd Hospital for surgery for a rectal injury, but Dr. McDermott did it incorrectly. Dr. White and Nurse Garvin did not give him proper treatment for the open wound from the surgery, which hindered the use of his bowels. As of the filing of the original complaint, in November of 2020, he said that he was still bleeding but could not get any help from the jail medical staff. Thompson stated in his amended complaint that in December of 2020, he was taken back to the hospital, where a physician named Dr. Robbins said that "the work was bad" and to do it again would result in Thompson having to wear a colostomy bag for the rest of his life.

1

**II. Discussion**

Thompson's complaint concerns his medical care. The Fifth Circuit has held that deliberate indifference to a convicted inmate's serious medical needs could state a civil rights violation, but a showing of nothing more than negligence does not. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997). In order to show deliberate indifference to a serious medical need, the prisoner must show (1) objective exposure to a substantial risk of serious harm, (2) the defendants had subjective knowledge of this substantial risk, (3) the defendants denied or delayed the prisoner's medical treatment despite their knowledge of this substantial risk, and (4) this denial of or delay in treatment resulted in substantial harm. Disagreement about the recommended medical treatment is generally not sufficient to show deliberate indifference. *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019); *see also Simmons v. Collier*, 783 F.App'x 417, 2019 U.S. App. LEXIS 32807, 2019 WL 5681362 (5th Cir., October 31, 2019), *citing Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")

Claims of negligence, medical malpractice, or that the treatment provided has not been as successful as the plaintiff would have liked are insufficient to set forth constitutional violations. *Norton,* 122 F.3d at 291; *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). Negligent or mistaken medical treatment or judgment does not implicate the Eighth Amendment and does not provide the basis for a civil rights action. The fact that the medical care given is not the best that money can buy, or that a dose of medication may occasionally be forgotten, likewise does not amount to deliberate indifference to serious medical needs. *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992).

The Fifth Circuit has held that a prisoner who was examined by medical personnel on numerous occasions failed to set forth a valid showing of deliberate indifference to serious medical

needs. *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985). In *Domino v. TDCJ-ID*, 239 F.3d 752 (5th Cir. 2001), a prisoner expressed suicidal ideations and the psychiatrist returned him to his cell after a five-minute examination. The prisoner committed suicide two and a half hours later. The Fifth Circuit, in reversing a denial of summary judgment by the district court, stated as follows:

> Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. Furthermore, the decision whether to provide additional medical treatment "is a classic example of a matter for medical judgment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1972). And, "the failure to alleviate a significant risk that [the official] should have perceived, but did not," is insufficient to show deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

*Domino*, 239 F.3d at 756; *see also Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

Thompson does not allege, much less show, that Dr. McDermott acted with deliberate indifference to his medical needs. He asserts that Dr. McDermott performed the surgery incorrectly, but even read liberally, this is a claim of negligence or medical malpractice, which does not rise to the level of a constitutional violation. *Stewart*, 174 F.3d at 534. Instead, negligence and malpractice are matters of state law, which may be pursued in state court. Thompson has failed to state a claim upon which relief may be granted against Dr. McDermott.

Thompson also appears to name the Gregg County Jail as a defendant, although this is not entirely clear. In any event, the Gregg County Jail is a sub-unit of Gregg County and has no separate legal existence apart from the county. As such, the Gregg County Jail cannot be sued in its own name. *Darby v. Pasadena Police Department*, 939 F.2d 311, 313 (5th Cir. 1991). Thompson does not allege, much less show, that the true political entity, Gregg County, has taken explicit steps to grant the jail with jural authority, meaning that the jail cannot engage in any litigation except in concert with the county itself. *Id.*; *see also Propes v. Plano Police Department*, civil action no. 4:03cv87, 2005 U.S. Dist. LEXIS 48591, 2005 WL 1177880 (E.D.Tex., May 18, 2005); *Goodnight v. Rains County Sheriff's Department*, civil action no. 6:13cv96, 2013 U.S. Dist. LEXIS 80946,

2013 WL 2551879 (E.D.Tex., June 10, 2013). Because the Gregg County Jail has no separate jural existence and is not a suable entity, any claim which Thompson may raise against the jail fails to state a claim upon which relief may be granted.

### III. Conclusion

28 U.S.C. §1915A requires that as soon as practicable, district courts must review complaints wherein prisoners seek redress from governmental entities or their employees and identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts that, taken as true, state a claim that is plausible on its face and thus does not raise a right to relief above the speculative level. *Montoya v. FedEx Ground Packaging System Inc.*, 614 F.3d 145, 149 (5th Cir. 2010), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim has factual plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). This plausibility standard is not akin to a probability requirement, but asks for more than a possibility that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556.

Detailed factual allegations are not required, but the claim must contain more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677-78. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. at 678.

A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible," if the complaint pleads facts merely consistent with or creating a

4

suspicion of the defendant's liability, or if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations which raise the right to relief above the speculative level. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010), *citing Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 444 F.3d at 421.

The Fifth Circuit has explained that while *pro se* complaints are construed liberally, the court is still bound by the allegations of the complaint and is not free to speculate that the plaintiff "might" be able to state a claim if given yet another opportunity to amend the complaint. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). The court explained as follows:

> For example, if an IFP plaintiff, in amending his complaint through a response to a questionnaire, alleges in his response that he received inadequate medical care while incarcerated, we should not reverse the dismissal of the complaint on the basis that the plaintiff could possibly add facts that would demonstrate that he was treated with deliberate indifference in the medical care that he received. As another example, if an IFP prisoner asserts in the questionnaire response that he has been denied recreation time, we should not reverse dismissal on the ground that he might also be able to assert a claim that the denial was in retaliation for his having filed a grievance.

*Id*. at 97.

In the present case, Thompson's claims against Dr. McDermott and the Gregg County Jail fail to state a claim which relief may be granted. Consequently, these claims may be dismissed. Such dismissal should not affect Thompson's claims against Dr. White and Nurse Garvin.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's claims against the Defendants Dr. McDermott and the Gregg County Jail be dismissed without prejudice for failure to state a claim upon which relief may be granted.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

So ORDERED and SIGNED this 30th day of November, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE