IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BOBBY LEE THOMPSON | § | |
| v. | § | CIVIL ACTION NO. 6:20cv605 |
| GREGG COUNTY JAIL, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Bobby Lee Thompson, a former inmate of the Gregg County Jail proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. The lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Plaintiff's Complaint**

In his original complaint, which named as defendants the Gregg County Jail and the Gregg County medical staff, Thompson stated that he suffered a rectal injury for which he had to have surgery in 2019 through the jail at Good Shepherd Medical Center in Longview. He stated he was still bleeding and could not get help from the medical staff at the jail.

In his amended complaint (docket no. 9), which named as Defendants Dr. White and Nurse Garvin, Thompson said that on November 10, 2018, county officials took him to have surgery at Good Shepherd Medical Center, which was done by Dr. McDermott. Since then, Thompson stated he has not received proper treatment at the jail from Dr. White and Nurse Garvin. In December of 2020, he was taken back to the hospital, where he was told the work was bad and to do it again would cause him to have to wear a colostomy bag for the rest of his life, but he was in general population.

1

On August 27, 2021, Thompson filed an addendum to his amended complaint stating that he had inadvertently omitted naming Dr. McDermott as a defendant. A Report issued on November 30, 2021, recommending dismissal of the claims against Dr. McDermott and the Gregg County Jail, but the docket does not reflect that Thompson ever received a copy of this Report; instead, it was returned on December 8, 2021, with a notation that Thompson had been discharged. Since that time, Thompson has not contacted the Court or provided a current mailing address.

## II. The Defendants' Motion for Summary Judgment

Dr. White and Nurse Garvin have filed a motion for summary judgment arguing that Thompson failed to exhaust his administrative remedies. This motion states that Thompson was confined in the Gregg County Jail from November 3, 2018 through February 5, 2019, November 5 through November 29, 2019, December 9, 2019 through February 29, 2020, and September 10, 2020 through March 16, 2021. The Defendants state that the lawsuit was filed on November 12, 2020, although the original complaint bears the signature date of November 4, 2020.

According to the Defendants, Gregg County has a written grievance policy for inmates which is set out in the inmate handbook. Under this policy, grievances are allowed if the inmate believes he has been subjected to a violation of his civil rights, a criminal act, an unjust denial or restriction of privileges, or a prohibited act by facility staff. Grievances can be submitted on paper or electronically through a kiosk, and must be submitted within seven days of the alleged act. (Docket no. 33-1, pp. 1-4).

Grievances are reviewed by the grievance board, which determines the appropriate action to redress the grievance. A response is provided to the inmate within 15 days. If the inmate disagrees with the response of the grievance board, he may appeal within seven days of receipt of the response. There are three steps to the appeal process, with the first appeal being taken to the facility lieutenant, the second to the jail administrator, and the third appeal is taken to the Sheriff, whose decision is final.

The response to the first grievance is provided in writing if the inmate submits a paper grievance. If the kiosk is used, the inmate can monitor the grievance's progression and receives his response through the kiosk.

The Defendants state that Thompson submitted some grievances prior to filing his lawsuit, but he did not pursue the grievance process to its conclusion. On November 7, 2019, Thompson filed a grievance stating he needed to speak to the Sheriff about denials of his medical requests, saying he has been in the jail for three days with no help. The response, from jail official Gary Robinson, said that he had spoken to medical who advised him that they had spoken to Thompson. (Docket no. 33-2, p. 9).

On October 9, 2020, Thompson filed a grievance saying he has medical problems and talked to a person named Burns on the 9th. He added that he is bleeding and on a top bunk but needs to be in a "med tank" or a "sub cell." The response, from jail official Ben Reynolds, stated this is an issue which Thompson would need to discuss with Dr. White or the medical supervisor, so he should put in a paper I-60 to the medical department. (Docket no. 33-2, p. 10).

On November 5, 2020, the day after the signature date on his lawsuit, Thompson filed a grievance complaining that he has been treated with deliberate indifference by refusing him medical treatment and circumventing the system by pushing his request off to others without treatment. He said that he has been requesting medical treatment since November 11, 2019, but he has not been given proper treatment relieving him of his pain and suffering. He asked that "any and all medical treatment needed by a professional licensed medical doctor be given to me immediately." The response to this grievance, by Officer Reynolds, stated that "upon review of your medical documents, our medical staff has made multiple Dr. appointments, prescribed you medication and made appointments with surgeons regarding your medical issues, while you have refused medications, refused to go to your surgeon's appointments. Our medical staff makes all medical decisions based on inmates health care and treatments, we cannot go against decisions made by medical professionals regarding healthcare. This grievance will be unfounded based on the fact that

you have refused your medication and to go see medical doctors outside the facility. You have been offered adequate medical care." (Docket no. 33-2, p. 11).

On November 6, 2020, Thompson appealed the denial of this grievance, asking that signed refusals be produced to show that he has refused medical care. He stated that "I expect this appeal to be properly investigated and the three step procedure for appeals to be followed as required." The response to this grievance, from Captain Whitehead dated November 22, 2020, states that Thompson is receiving medical treatment and that Thompson spoke to Dr. White on November 17. Dr. White is the medical physician and he will be the one to determine if Thompson needs outside medical care. If Thompson has additional questions, he should let Captain Whitehead or his staff know. (Docket no. 33-2, p. 13). None of Thompson's grievances were appealed to the Sheriff.

### III. Discussion

A. General Standards for Summary Judgment

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Burleson v. Texas Department of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004). If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Id*., *citing Allen v. Rapides Parish School Board*, 204 F.3d 619, 621 (5th Cir. 2000).

The plaintiff cannot oppose summary judgment by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated or speculative assertions, or by only a scintilla of evidence. *Boudreaux v. Swift Transportation Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). There is no genuine issue for trial if the record, taken as a whole, could not lead a rational

trier of fact to find for the non-moving party. *Prison Legal News v. Livingston*, 683 F.3d 201, 211 (5th Cir. 2012).

The court has no obligation to sift the record in search of evidence to support a party's opposition to summary judgment. *Adams v. Traveler's Indemnity Co.*, 465 F.3d 156, 164 (5th Cir. 2008). Instead, a party opposing summary judgment must identify specific evidence in the record which supports the challenged claims and articulate the precise manner in which the evidence supports the challenged claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show a genuine factual issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Thompson did not respond to the Defendants' motion for summary judgment; accordingly, the district court may accept as undisputed the facts listed in support of the Defendants' motion. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445, 1996 U.S. App. LEXIS 25217, 1996 WL 512288 (5th Cir., August 30, 1996).

B. Exhaustion of Administrative Remedies

The law governing the exhaustion of administrative remedies is found in 42 U.S.C. § 1997e, which provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under this statute, prisoners are required to exhaust available administrative remedies before filing suit in federal court. *Jones v. Bock*, 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning the prisoner must not only pursue all available avenues of relief, but must also comply with all deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). This requirement means mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion; instead, prisoners must exhaust administrative remedies properly. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). All of the steps in a facility

grievance procedure must be pursued in order to exhaust administrative remedies. *Johnson*, 385 F.3d at 515. The district court may not excuse failure to exhaust available administrative remedies prior to filing a lawsuit under the Prison Litigation Reform Act, even to take "special circumstances" into account. *Ross v. Blake*, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016); *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (pre-filing exhaustion of prison grievances is mandatory; district courts have "no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing his complaint.")

The uncontroverted summary judgment evidence shows that Thompson filed three grievances concerning his medical care, of which one was submitted after the signature date on his lawsuit. None of the grievances which he filed were exhausted through all of the steps of the grievance procedure because none were taken to the Sheriff. Thompson himself acknowledged that he was familiar with the grievance procedure, saying in his appeal that he expected "the three step procedure for appeals to be followed as required." Because all of the steps in the facility's grievance procedure must be pursued in order to satisfy the exhaustion requirement, *see Johnson*, 385 F.3d at 515, and Thompson did not do so, he did not exhaust his administrative remedies.

**IV. Conclusion**

The Fifth Circuit has held that summary judgment may properly be granted where the competent summary judgment evidence shows that the prisoner failed to exhaust his administrative remedies. *Phillips v. Green*, 814 F.App'x 852, 2020 U.S. App. LEXIS 18038, 2020 WL 3053957 (5th Cir., June 8, 2020) (affirming summary judgment against jail inmate for failing to exhaust administrative remedies). A review of the pleadings and summary judgment evidence in this case shows that the Defendants Dr. White and Nurse Garvin are entitled to judgment as a matter of law because the Plaintiff Bobby Lee Thompson did not exhaust his administrative remedies. The claims against these Defendants should be dismissed without prejudice. *Bargher v. White*, 928 F.3d 439, 447 (5th Cir. 2019) (failure to exhaust warrants dismissal without prejudice).

## RECOMMENDATION

It is accordingly recommended that the motion for summary judgment filed by the Defendants Dr. White and Nurse Garvin (docket no. 33) be granted and the claims against these defendants be dismissed without prejudice for failure to exhaust administrative remedies.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.

An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 31st day of March, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE